Rodney B. BURTON and Patricia L. Burton, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 76–1037.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 1, 1977.

Decided March 8, 1977.

Stuart Sinai, Dakmak, Gropman & Sinai, P. C., Detroit, Mich., for petitioners-appellants.

Scott P. Cramption, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Gilbert E. Andrews, Elmer J. Kelsey, Robert A. Bernstein, Francis J. Gould, Washington, D. C., for respondent-appellee.

Before CELEBREZZE, LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

The taxpayers appeal from a decision of the United States Tax Court which held that advancements of money by Rodney Burton to a business enterprise in which he had made an investment without participating in the operation or management thereof were not deductible as either a business bad debt under Section 166 of the Internal Revenue Code or as a business expense under Section 162. The memorandum opinion of the Tax Court is reported at 34 T.C.M. 898.

Rodney Burton is president of an advertising firm whose largest client is a brewing company. The business enterprise to which Burton advanced money was a local distributor of the product of the client brewer. Burton argued before the Tax Court and before this court that his dominant motive in making advancements to the beer distributorship was to protect his position with the advertising agency and his reputation as an expert in the promotion of sales of beer through advertising.

The Tax Court made the following finding:

> On the basis of this record as a whole, we conclude that petitioner's dominant motivation in making advances to the [beer distributorship] was not proximately related to a trade or business of his as distinguished from being investment motivated.

In *United States v. Generes*, 405 U.S. 93, 103, 92 S.Ct. 827, 833, 31 L.Ed.2d 62 (1972), the Supreme Court held that ". . . in determining whether a bad debt has a 'proximate' relation to the taxpayer's trade or business, as the Regulations specify, and thus qualifies as a business bad debt, the proper measure is that of dominant motivation, and that only significant motivation is not sufficient."

The Tax Court applied the proper test in this case and, upon examination of the entire record, we conclude that its finding that the dominant motivation of Burton was related to his investment in the beer distributorship rather than to his business of an advertising executive is not clearly erroneous, but is supported by substantial evidence. Burton maintains that the Tax Court was clearly erroneous in its finding that there was no evidence that his advertising business would suffer if the beer distributorship should fail. The single reference to the transcript made by Burton in support of this claim was the testimony of a witness that in his opinion the relationship between Burton's advertising agency and the brewer would have been in jeopardy if the beer distributorship had abandoned its territory. There was no evidence that the distributorship would have abandoned the territory if Burton had not advanced it money, and this opinion testimony shed no light on the issue of dominant motivation.

The decision of the Tax Court is affirmed.